CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 0 6 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERRANCE HENDERSON, #294185, | ) | |
| Petitioner, | ) | Civil Action No. 7:06CV00638 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Terrance Henderson, a Virginia inmate proceeding pro se, filed this action as a petition
for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Henderson alleges that he was denied
due process at three prison disciplinary hearings. The petition is presently before the court on the
respondent's motion to dismiss. For the following reasons, the court will grant the respondent's
motion.

### Background

Henderson is presently incarcerated at Red Onion State Prison in Pound, Virginia. He
filed the instant petition on October 25, 2006. In the petition, Henderson alleges that his due
process rights were violated at disciplinary hearings held on October 3, 2005, December 30,
2005, and January 31, 2006, because the hearing officer refused to consider certain exculpatory
evidence. Henderson seeks an order overturning all three disciplinary convictions.

The respondent moved to dismiss the petition on December 11, 2006. The respondent
argues that Henderson has failed to explain how any of the disciplinary convictions impacted the
fact or duration of his confinement. To the contrary, the respondent indicates that the October 3,
2005 hearing was held on a charge of aggravated assault for which Henderson received a $12.00
fine; that the December 20, 2005 hearing was held on a charge of throwing feces for which
Henderson was ordered to make restitution in the amount of $303.78; and that the January 31,

2006 hearing was held on a charge of possessing metal for which Henderson received a $12.00 fine. The respondent emphasizes that Henderson did not lose any good time credits as a result of the disciplinary convictions, and that none of the disciplinary convictions affected Henderson's sentence in any way.

Henderson filed a response to the motion to dismiss on February 2, 2007. Henderson does not dispute the fact that he did not lose any earned good time credits as a result of the disciplinary convictions. Instead, Henderson argues that the disciplinary convictions might increase his class level and, in turn, reduce the number of good time credits that he is able to earn in the future.[1] Consequently, Henderson argues that the disciplinary convictions implicate a liberty interest requiring due process protections.

### Discussion

The threshold question presented in this case is whether Henderson's due process claims are cognizable in a petition for writ of habeas corpus under § 2254. Federal habeas corpus relief is available only to remedy constitutional violations that affect the "fact or duration" of an individual's "physical imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Thus, "where success in the action would not necessarily spell immediate or speedier release" from imprisonment, an inmate may not pursue his claims in a habeas corpus proceeding. Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (emphasis in original). Instead, a civil rights action under 42 U.S.C. § 1983 provides the "appropriate remedy." Gaskins v. Johnson, 443 F. Supp. 2d 800, 803 (E.D. Va. 2006) (citing Wilkinson, 544 U.S. at 82).

---

[1]To support this argument, Henderson submitted a copy of Donell Blount's class level evaluation form from November of 2003. According to the form, prison officials considered a prior disciplinary infraction when calculating Blount's class level. Because Blount's class level increased from I to II, he began earning good time and earned sentence credits at a lower rate.

2

Here, it is undisputed that Henderson's disciplinary convictions did not extend the length of his sentence or result in a loss of earned good time credits. While Henderson argues that the convictions might increase his class level and ultimately reduce the rate at which he is able to earn good time credits in the future, such consequences are purely speculative at this time. Thus, because a favorable determination in this action "would not necessarily spell immediate or speedier release" from incarceration, Wilkinson, 544 U.S. at 81, Henderson's due process claims are not cognizable under § 2254.[2] See Gaskins, 443 F. Supp. 2d at 804 (holding that an inmate did not meet the standard for habeas review where the inmate alleged that an improper disciplinary conviction directly impacted his reclassification level, since "the mere possibility that he might have earned more [good time] credits .... [did] not equate to a guarantee that he would have obtained a speedier release").

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 6th day of March, 2007.

_Glen Conrad_

United States District Judge

---

[2]In any event, the court notes that, contrary to Henderson's assertions, inmates have no protected liberty interest in maintaining a particular custody level or earning a specific rate of good conduct time. See DeBlasio v. Johnson, 128 F. Supp. 2d 315, 329 (E.D. Va. 2000), aff'd, 13 Fed. Appx. 96 (4th Cir. 2001). Thus, even if Henderson's disciplinary convictions ultimately impact his custody status or the rate at which he earns good time in the future, such changes do not implicate federal due process protections. Id. The court also notes that adequate state law remedies, including the Virginia Tort Claims Act, are available to Henderson as a means of challenging any loss of funds. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 545 (1981); Ballance v. Young, 130 F. Supp. 2d 762, 767 (W.D. Va. 2000).

3